**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Kevin Faile, | ) | C.A. No. 0:11-2206-CMC |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Lancaster County, South Carolina; Steve | ) | |
| Willis, in his official and individual | ) | |
| capacities; Jeffrey Naftal, in his official | ) | |
| and individual capacities; Lancaster County | ) | |
| Sheriff's Department; Barry S. Faile, in his | ) | |
| official and individual capacities; J. David | ) | |
| Belk, in his official and individual | ) | |
| capacities; and Kendra Moseley Howell, | ) | |
| in her official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendants Lancaster County, South Carolina ("County"); Steve Willis ("Willis"); and Jeffrey Naftal ("Naftal") (collectively "County Defendants") to dismiss or, in the alternative, for summary judgment as to Plaintiff's claims for malicious prosecution, abuse of process, and civil conspiracy. For reasons set forth below, County Defendants' motion to dismiss is granted in part and denied in part.

**STANDARD**

County Defendants contend that their motion is for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. Dkt. No. 36 at 1. County Defendants argue that Plaintiff "fails to plead sufficient facts to support any of his state law causes of action" and that "the conspiracy cause of action is barred as a matter of law." Dkt. No. 36-1 at 2. The court, therefore, construes County

Defendants' motion as one to dismiss Plaintiff's claims for malicious prosecution, abuse of process, and civil conspiracy pursuant to Rule 12(b)(6). In any event, a motion under Federal Rule of Civil Procedure 12(c) is assessed under the same standards as a Rule 12(b)(6) motion. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302).

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate*

2

*Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition plaintiff need not forecast *evidence* sufficient to prove the elements of a claim, but must allege sufficient *facts* to establish those elements).

## PROCEDURAL BACKGROUND

This action was filed on August 22, 2011 by Plaintiffs Kevin Faile and Meredith Gainey against the County Defendants. Dkt. No. 1. On December 18, 2011, the court dismissed three claims asserted in the original complaint: civil rights conspiracy pursuant to 42 U.S.C. §1985(3), negligent failure to prevent a conspiracy pursuant to 42 U.S.C. § 1986, and wrongful discharge in violation of public policy. Dkt. No. 18. Pursuant to the Consent Amended Scheduling Order, entered April 25, 2012, discovery was to be completed by October 1, 2012. Dkt. No. 24. On July 2, 2012, Plaintiffs filed a motion to amend their complaint to (1) add Lancaster County Sheriff's Department ("Sheriff's Department"), Barry S. Faile ("Faile"), J. David Belk ("Belk"), and Kendra Moseley Howell ("Howell") as Defendants;[1] (2) add a cause of action for false imprisonment and civil conspiracy; and (3) delete the previously-dismissed claims. Dkt. No. 25. The court granted Plaintiffs' motion the following day.[2] Dkt. No. 26. On August 14, 2012, the parties filed a consent motion to amend the complaint to remove Meredith Gainey as a Plaintiff due to a stipulation of dismissal. Dkt. No. 30. On August 15, 2012, the court granted that motion and Plaintiff Faile filed his Amended Complaint. Dkt. No. 31. County Defendants answered the Amended Complaint on

---

[1] Plaintiff alleges that Faile is the Sheriff of Lancaster County, and that Howell is a current employee, and Belk a former employee, of the Sheriff's Department.

[2] The motion to amend was granted, but the proposed amended complaint was never filed as the amended complaint.

3

August 16, 2012. Dkt. No. 35. The remaining Defendants answered on October 4, 2012. Dkt. Nos. 42-44.

On September 7, 2012, County Defendants filed the instant motion to dismiss. Dkt. No. 36. Plaintiff responded on October 4, 2012 (Dkt. No. 47), to which County Defendants replied on October 15, 2012 (Dkt. No. 48).

## FACTUAL BACKGROUND[3]

Plaintiff has been an employee of Lancaster County's EMS Department since 1990 and became a full-time employee in October 2001. Am. Compl. ¶ 14. On October 29, 2010, Plaintiff filed a lawsuit against Lancaster County in this court as lead Plaintiff in a collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation and a class action under the South Carolina Payment of Wages Act for improperly paid wages. On March 8, 2012, the court granted a consent motion for settlement approval and dismissed that action. This action arises from Plaintiff's termination on June 28, 2011.

At some time prior to his termination, Plaintiff alleges that he was charged with public disorderly conduct and harassment in the second degree. *Id.* ¶ 45. The alleged victim of the crimes, Mr. Hargett, submitted a request to dismiss the warrant, requesting that any prosecution of Plaintiff be terminated. *Id.* ¶ 46. Plaintiff contends that Defendant "Howell contacted or visited Mr. Hargett on six or more occasions to try to pressure him into signing a warrant against Plaintiff for Harassment." *Id.* Howell eventually signed the warrant herself. *Id.* ¶ 47.

---

[3] Both sides have included additional facts in their briefs in the event the court converts the motion to one for summary judgment. Because the court resolves this motion under Rule 12(b)(6), the court considers only Plaintiff's factual allegations set forth in the Amended Complaint.

4

Plaintiff alleges that, on April 7, 2011,[4] Defendant Naftal, former Deputy County Administrator, "used the pendency of the criminal charges as a basis to force Plaintiff to sign a 'Last Chance Agreement' as a condition of his continued employment with the County." *Id.* ¶ 55. Plaintiff alleges he was terminated from Lancaster County on June 28, 2011 without cause. Plaintiff alleges Naftal and County Administrator Willis "used the terms of the 'Last Chance Agreement' in an attempt to justify Plaintiff's wrongful termination." *Id.* ¶ 17. He exhausted his internal remedies by filing a grievance under the County's grievance policy. *Id.* ¶ 18. On August 9, 2011, the Grievance Committee submitted its findings to Willis, recommending that Plaintiff be reinstated to his position in the EMS Department. *Id.* ¶ 18. On August 17, 2011, Willis rejected the Grievance Committee's recommendation and upheld Plaintiff's termination. *Id.* ¶ 18. Two days later, Plaintiff received notice of Willis's decision to uphold the termination. *Id.* ¶ 18.

The charge of public disorderly conduct was terminated in Plaintiff's favor on May 12, 2011. *Id.* ¶ 49. The charge of harassment in the second degree was dismissed by *nolle prosequi* on August 31, 2011. *Id.* ¶ 50.

Based on these facts, Plaintiff asserts claims for (1) malicious prosecution against all Defendants for "institut[ing] and/or continu[ing] the criminal proceedings against Plaintiff with malice and for the improper purposes of creating a pretextual reason for Plaintiff's termination;" (2) abuse of process against County, Naftal, and Willis based on Willis and Naftal's commission of "a

---

[4]  The court relies on the date found in a copy of the Last Chance Agreement referenced in the Amended Complaint and attached to County Defendants' motion to dismiss and Plaintiff's response. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (holding that a court may consider a document referenced in, but not attached to, a complaint on a Rule 12(b)(6) motion if the document is integral to and explicitly relied upon in the complaint, and if the plaintiff does not challenge its authenticity).

willful act in the use of the criminal process that is not proper in the regular conduct of the proceeding;" and (3) civil conspiracy against all Defendants for "engaging in a campaign to have him terminated from his employment with Defendant Lancaster County." *Id.* ¶ 66. Plaintiff also asserts claims for retaliation under the FLSA against County Defendants; retaliation under the First Amendment against Willis and Naftal; deprivation of civil rights under Section 1983 against Faile, Belk and Howell; and false arrest against the Sheriff's Department, Faile, Belk, and Howell. The pending motion to dismiss does not seek dismissal of these last four claims. Plaintiff seeks, *inter alia*, money damages for back pay and benefits, and with liquidated damages in an equal amount under the FSLA; compensatory damages; reinstatement to his previous position or, alternatively, front pay and benefits; and punitive damages.

## DISCUSSION

**Malicious Prosecution.** County Defendants seek dismissal of Plaintiff's malicious prosecution claim based on lack of factual allegations. "[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 648 (S.C. 2006). County Defendants argue that, even assuming Plaintiff can establish the other five elements, Plaintiff fails to plead that the proceedings were "by or at the instance of the [County] [D]efendant[s]." Dkt. No. 36-1 at 12.

The court finds that Plaintiff's Amended Complaint alleges facts that County Defendants were involved in instituting and/or continuing the criminal proceedings against Plaintiff. Plaintiff

alleges Willis and Naftal, acting with employees or agents of Lancaster County Sheriff's Department (including Defendants Faile, Belk, and Howell), initiated or caused proceedings to be conducted against Plaintiff for public disorderly conduct and harassment in the second degree "with malice and for the improper purposes of creating a pretextual reason for Plaintiff's termination of employment." Am. Compl. ¶¶ 45, 48. Plaintiff further alleges Willis and Naftal "insist[ed] that the above-described criminal proceedings be initiated, continued, or reinstated against Plaintiff for the alleged crimes of Public Disorderly Conduct and Harassment Second Degree." *Id.* ¶ 54. Although Plaintiff does not specify how County Defendants were able to insist on the initiation or continuation of the criminal proceedings against him, Plaintiff has alleged that County Defendants were in contact with the Sheriff's Department and "obtained the criminal warrants against Plaintiff" from the Sheriff's Department. *Id.* ¶ 55. The court finds that Plaintiff has alleged that the criminal proceedings were "by or at the instance of the [County] [D]efendant[s]." The court, therefore, denies County Defendants' motion to dismiss Plaintiff's claim for malicious prosecution.

**Abuse of Process.** County Defendants also argue that Plaintiff fails to state a claim for abuse of process. The two essential elements of an abuse of process claim are (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the conduct of the proceeding. *Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions*, 697 S.E.2d 551, 556 (S.C. 2010). "The abuse of process tort provides a remedy for one damaged by another's perversion of a legal procedure for a purpose not intended by the procedure." *Id.*[5]

---

[5] The South Carolina Court of Appeals recently explained the tort of abuse of process: The essence of the tort of abuse of process centers on events occurring outside the process, and our courts have noted that "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the

Plaintiff alleges that "Willis and Naftal had an ulterior purpose in insisting that the above-described criminal proceedings be initiated, continued, or reinstated against Plaintiff for the alleged crimes of Public Disorderly Conduct and Harassment Second Degree." Am. Compl. ¶ 54. Plaintiff also alleges:

> Defendants Willis and Naftal committed a willful act in the use of the criminal process that is not proper in the regular conduct of the proceeding; specifically, they improperly obtained the criminal warrants against Plaintiff from the Lancaster County Sheriff's Department; Defendant Naftal used the pendency of the criminal charges as a basis to force Plaintiff to sign a "Last Chance Agreement" as a condition of his continued employment with the County; and Defendants Naftal and Willis used the terms of the "Last Chance Agreement" in an attempt to justify Plaintiff's wrongful termination.

*Id.* ¶ 55.

The court finds that Plaintiff has pled an ulterior purpose and an improper act. Plaintiff alleges County Defendants had an ulterior purpose for initiating, continuing, and/or using the criminal proceedings against Plaintiff to wrongfully terminate him and that they improperly obtained the criminal warrants against him. The court finds that Plaintiff has stated a claim for abuse of process. The court, therefore, denies County Defendants' motion to dismiss Plaintiff's abuse of process claim.

**Civil Conspiracy.** County Defendants seek dismissal of Plaintiff's civil conspiracy claim against them based on *Ross v. Life Insurance Co. of Virginia*, 259 S.E.2d 814 (S.C. 1979), and *Angus*

---

use of the process as a threat or club." *Swicegood v. Lott*, 379 S.C. 346, 353, 665 S.E.2d 211, 214 (Ct. App. 2008) (quoting *Huggins v. Winn–Dixie Greenville, Inc.*, 249 S.C. 206, 209, 153 S.E.2d 693, 694 (1967)). "There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." *Id.* (quoting *Huggins*, 249 S.C. at 209, 153 S.E.2d at 694).
*D.R. Horton, Inc. v. Westcott Land Co., LLC*, 730 S.E.2d 340, 352 (S.C. Ct. App. 2012).

*v. Burroughs & Chapin Co.*, 596 S.E.2d 67 (S.C. Ct. App. 2004) ("*Angus I*"). In *Ross*, the South Carolina Supreme Court held that an at-will employee cannot maintain a claim for civil conspiracy against his employer based on his termination. In *Angus I*, the South Carolina Court of Appeals held that an at-will employee cannot sue his employer, or anyone acting within his authority on behalf of his employer, for civil conspiracy arising out of his termination.[6] County Defendants argue that County, as employer, and Willis and Naftal, as agents authorized to act on behalf of County, cannot be sued by Plaintiff for civil conspiracy that resulted in Plaintiff's termination.[7]

Plaintiff argues that his claim is not barred by South Carolina's prohibition of claims by at-will employees against employers for civil conspiracy based on termination. Dkt. No. 47 at 7. First, Plaintiff contends his civil conspiracy claim is not merely a challenge to his termination, but that his "allegations of civil conspiracy go beyond the termination." *Id.* Plaintiff has alleged a claim for civil conspiracy against all Defendants for "engaging in a campaign to have him terminated from his employment with Defendant Lancaster County." Although Plaintiff argues that his civil conspiracy claim goes beyond his termination, Plaintiff's Amended Complaint is devoid of any such allegations

---

[6] In *Angus I*, the Court of Appeals also held that *Ross* did not preclude an at-will employee from maintaining an action for civil conspiracy against third parties. 596 S.E.2d at 70. In *Angus v. Burroughs & Chapin Co.*, 628 S.E.2d 261 (S.C. 2006) ("*Angus II*"), the South Carolina Supreme Court reversed this portion of *Angus I* and found that *Ross* was controlling. The Supreme Court held that the at-will employee's status as a public official precluded her from maintaining a civil conspiracy claim against third-parties. 628 S.E.2d at 262. The court explained that "a public official is answerable to the public; members of the public are not third-party interlopers." *Id. Angus II* did not disturb *Angus I*'s holding that an at-will employee could not maintain an action against the employer, or those authorized to act on behalf of the employer, for civil conspiracy that resulted in the employee's termination.

[7] Plaintiff has alleged that "Willis and Naftal terminated Plaintiff's employment." Am. Compl. ¶ 31.

9

and even specifies that the purpose and result of the civil conspiracy was to terminate him from his employment.

Second, Plaintiff argues that, based on Plaintiff's protected status under the FLSA, he "could not be treated disparately from similarly situated co-workers without creating liability for retaliation." Dkt. No. 47 at 8. According to Plaintiff, to accomplish termination while avoiding a retaliation claim, "various County employees and officials maliciously seized on the incident" that led to the criminal proceedings and "tried to make more of it than was really there in an effort to drag Plaintiff through the mud." *Id.* Plaintiff's argument relates to his FLSA retaliation claim, not his civil conspiracy claim. Further, Plaintiff has advanced no legal argument that his protected status under the FLSA has any bearing on South Carolina's prohibition of claims for civil conspiracy against employers arising out of termination.

Third, Plaintiff argues that County Defendants misinterpret the holdings in *Angus I* and *II*. *Id.* "Those cases do not hold that an employee, even an at-will employee, can never bring a civil conspiracy claim for something bad that happens to him incident to his employment." *Id.* (citing *Reed v. Aiken County*, No. 09-1744, 2010 WL 2985805, *3 (D.S.C. July 26, 2010) ("The Individual Defendants read *Angus II* to preclude all civil conspiracy actions by at-will employees against their employers. Such a reading of *Angus II* is overly broad."[8])). The court agrees that all civil conspiracy claims by at-will employees against employers are not barred by *Angus I* or *II*. However, a civil conspiracy claim by an at-will employee against an employer *arising out of the employee's*

---

[8] The next sentence of *Reed* states, "Contrary to the Individual Defendants' position, the *Ross* and the *Angus* cases do not address whether an at-will employee may maintain a civil conspiracy based upon poor treatment that allegedly leads to a resignation." 2010 WL 2985805 at *3.

*termination* is barred by *Ross*, and *Angus I* and *II*.[9]  The court, therefore, grants County Defendants'

motion to dismiss Plaintiff's civil conspiracy claim against them.

## CONCLUSION

For the reasons set forth above, the court denies County Defendants' motion to dismiss

Plaintiff's claims for malicious prosecution and abuse of process, and grants County Defendants'

motion to dismiss Plaintiff's claim for civil conspiracy.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 1, 2013

---

[9]  Plaintiff advances several other arguments in support of his civil conspiracy claim.  First, Plaintiff argues that he was not a public official as was the terminated employee in *Angus I* and *II*. In *Angus II*, the Supreme Court held that *Ross* precluded an at-will public official from suing members of the press and public for civil conspiracy, because "a public official is answerable to the public."  Although the status of the plaintiff as a public official affected the Supreme Court's decision in *Angus II*, the Supreme Court did not disturb the lower court's holding that plaintiff was barred from suing her employer for civil conspiracy that resulted in her termination.  The court does not read *Angus I* or *II* as limiting *Ross* to public officials.

Second, Plaintiff argues that the court should not read *Ross* "as a sweeping pronouncement to abolish civil conspiracy claims in the employment context" based on its lack of analysis.  Plaintiff cites two cases in which plaintiffs have succeeded in civil conspiracy claims in the employment context. *Id.* at 9 (citing *Pridgen v. Ward*, 705 S.E.2d 58 (S.C. Ct. App. 2010); *Lee v. Chesterfield Gen. Hosp.*, 344 S.E.2d 379 (S.C. Ct. App. 1986)).  However, neither of the cases cited by Plaintiff involve a terminated employee suing an employer for civil conspiracy.  In *Pridgen*, the court upheld a civil conspiracy claim against co-workers and specifically stated that "Pridgen's civil conspiracy claim was not against his employer."  705 S.E.2d at 63.  "Rather, Pridgen's claim was against the Appellants, who did not have the power to terminate his employment."  *Id.*  Further, the plaintiffs in *Lee* were not employees of defendants.  344 S.E.2d 380.  Rather, the plaintiffs were a physician's assistant, physician, and professional association that employed the physician's assistant.  *Id.*  The plaintiffs sued defendant hospital for civil conspiracy to injure their trade by limiting staff privileges at the hospital.  *Id.* at 381.  The court, therefore, finds Plaintiff's arguments unavailing.